## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| JAMES ALLEN FRYE and CLARENCE MOORE, *on Behalf of Themselves and All Others Similarly Situated,* ) ) ) ) ) ) | |
| | Case No. _____ |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| BAPTIST MEMORIAL HOSPITAL – MEMPHIS ) ) ) | |
| ) | **Jury Demanded** |
| Defendant. ) | |

## REPRESENTATIVE ACTION COMPLAINT FOR
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COME NOW** the Plaintiffs, James Allen Frye and Clarence Moore, on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth their Representative Action Complaint for Violation of the Fair Labor Standards Act as follows:

## NATURE OF THE COMPLAINT

1. Plaintiffs James Allen Frye and Clarence Moore bring this action against Defendant Baptist Memorial Hospital – Memphis for unpaid overtime compensation and related penalties and damages and for failure to pay its employees for all hours worked. Plaintiffs allege, on behalf of themselves and all other similarly situated hourly employees of Defendant, that Defendant failed and refused to pay them, and all others similarly situated, overtime pay for overtime worked and failed and refused to pay them and all other similarly situated hourly employees straight time for all hours worked.

2. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs seek injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendant; straight time premiums for all hours worked and not compensated; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

3. Defendant's practice and policy is, and for the past three years has been, to willfully fail and refuse to pay overtime compensation due and owing to Plaintiffs and all other similarly situated employees, in violation of the FLSA, and to willfully fail to compensate Plaintiffs and all other similarly situated employees for all hours worked while employed by Defendant. Defendant has instituted and carried out an unlawful policy and practice of refusing to pay all such employees for all time worked and refusing to pay all such employees overtime for all hours worked in the work week over forty, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

4. Currently and for the last three years, Defendant's employees have worked overtime hours.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

6. The Western District of Tennessee, Western Division, has personal jurisdiction over Defendant because it is doing business in Tennessee and in this judicial District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

**A.     Plaintiffs**

*Named Plaintiffs*

8.      Plaintiff James Allen Frye is a resident of Cordova, Shelby County, Tennessee. Defendant employed Plaintiff Frye as a nurse from 2004 until his termination on or about April 19, 2007.  During his employment with Defendant, Mr. Frye regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

9.      At all relevant times, Mr. Frye was an employee of Defendant for FLSA purposes.

10.     Plaintiff Clarence Moore is a resident of Memphis, Shelby County, Tennessee. Defendant employed Plaintiff Moore as a security guard from August 2003 until his termination on or about December 22, 2006.  During his employment with Defendant, Mr. Moore regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

11.     At all relevant times, Mr. Frye was an employee of Defendant for FLSA purposes.

*Representative Action Members*

12.     The putative members of the representative action are those current and former employees of Defendant who are similarly situated to either Mr. Frye or Mr. Moore who were suffered or permitted to work by Defendant and not paid their regular or statutorily required rate of pay for all hours worked as well as those current and former employees of Defendant who are similarly situated to either Mr. Frye or Mr. Moore who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate.

**B.     Defendant**

13.     Defendant is a hospital corporation organized under the laws of the State of Tennessee with its primary place of business in Memphis, Tennessee.

14.     Upon information and belief, Defendant employs or employed the Named Plaintiffs and the putative members in the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

15.     Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant in hourly labor within three years from the commencement of this action who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

16.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs James Frye and Clarence Moore, the Representative Plaintiffs, because the claims of James Frye and Clarence Moore are similar to the claims of the putative plaintiffs of the representative action.

17.     James Frye is similarly situated to the putative plaintiffs working as nurses for Defendant, has substantially similar job requirements and pay provisions, and was subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

18.     Clarence Moore is similarly situated to the putative plaintiffs working as security guards for Defendant, has substantially similar job requirements and pay provisions, and was

4

subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

19. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FACTUAL BACKGROUND

20. Defendant failed or refused to pay its employees for all time worked and for all overtime hours worked.

21. At all relevant times, Defendant had no written policies governing how it would account for hours worked before an employee's shift began or after an employee's shift ended or for work performed during unpaid break and/or lunch periods.

22. Employees routinely commenced their work days before their designated shift start times and/or continued working after their shifts had ended.

23. Management directed and/or was aware of employees engaging in such off-the-clock work.

24. Employees were entitled to an unpaid meal period of at least one hour. Many times, however, employees worked through lunch. On these occasions, Defendant nonetheless deducted the untaken lunch period from the employees' wages.

25. On other occasions, employees' lunch breaks were interrupted by calls to return to work or to perform work-related tasks for Defendant's benefit during their lunch periods. On these occasions, Defendant still deducted the entire lunch period the employees should have received from their wages.

5

26. Although Defendant sometimes maintained a written form on which employees could record work performed outside of their work hours or on breaks or lunch, this log seldom resulted in employees getting paid for such off-the-clock work.

27. Management was aware that substantial amounts of off-the-clock work were not recorded on the log.

28. Further, as a result of this off-the-clock work time, many employees worked in excess of forty hours in various work weeks for which they were not paid overtime at the statutory rate.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiffs James Frey and Clarence Moore, on behalf of themselves and all similarly situated employees of Defendant, reallege and incorporate herein the allegations contained in Paragraphs 1 through 28 as if they were set forth fully herein.

30. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiffs and each of the putative members of the FLSA representative action.  At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

31. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

6

32. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Plaintiffs and the putative members of the FLSA representative action are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked.

33. As a result of Defendant's failure to compensate its nurses, including Plaintiff James Frey and all similarly situated employees, for all hours worked and its failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

34. As a result of Defendant's failure to compensate its security guard personnel, including Plaintiff Clarence Moore and all similarly situated employees, for all hours worked and its failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

1. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the

pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b);

2. Designation of Plaintiffs James Frey and Clarence Moore as Representative Plaintiffs of the putative members of the FLSA representative action;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful practice, policy, and pattern set forth herein;

5. An award of damages, including liquidated damages, to be paid by Defendant;

6. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

7. Pre-Judgment and Post-Judgment interest, as provided by law; and

8. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Dated:  November 2, 2007        Respectfully submitted,


/s/ Alan G. Crone
Alan G. Crone      (TN #14285)
James J. Webb, Jr. (TN #017826)
D. Wes Sullenger (TN # 021714; KY # 91861)

CRONE & MASON, PLC
Clark Tower
5100 Poplar Avenue, Suite 3200
Memphis, TN 38137
800.403.7868 (voice)
901.683.1850 (voice)
901.683.1963 (fax)


Plaintiffs:

James Allen Frey
Clarence Moore