IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JAMES ALLEN FRYE ON BEHALF
OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,

    Plaintiffs,

v.

BAPTIST MEMORIAL HOSPITAL,
INC. d/b/a BAPTIST MEMORIAL
HOSPITAL-MEMPHIS, BAPTIST
MEMORIAL HOSPITAL-
COLLIERVILLE, AND BAPTIST
MEMORIAL HOSPITAL FOR
WOMEN,

    Defendant.

Civil Action No.
2:07-cv-02708

---

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO OPT-IN PLAINTIFF SONYA HERROD

---

    Defendant Baptist Memorial Hospital, Inc. d/b/a Baptist Memorial Hospital-Memphis, Baptist Memorial Hospital-Collierville, and Baptist Memorial Hospital for Women (hereafter "Baptist" or "Defendant") respectfully submits the following Memorandum of Law in support of its Motion for Summary Judgment as to Opt-In Plaintiff Sonya Herrod:

### UNDISPUTED MATERIAL FACTS[1]

    1.    Plaintiff James Frye seeks to maintain an FLSA collective action against Baptist on behalf of hourly employees who allegedly were not compensated for time worked during

---

[1] Pursuant to Local Rule 7.2(d)(2), Baptist's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment has been submitted as a separate document affixed to the Memorandum in Support of its Motion. For the Court's convenience, Baptist has also included its Statement of Undisputed Material Facts herein.

meal breaks. On September 16, 2008, the Court conditionally certified a class comprised of "hourly employees . . . who were subject to an automatic 30-minute payroll deduction for lunch breaks." (Rec. Doc. 144, p. 18).

2. Thereafter, Sonya Herrod (hereinafter "Herrod" or "Plaintiff") consented to become a party to the collective action. Herrod's consent was filed with the Court on December 18, 2008. (Rec. Doc. 174-27).

3. Herrod began working for Baptist in January 2000 as a pharmacy technician at its location in midtown Memphis. (Herrod Dep. at 18:9-20, attached as Ex. A).

4. When the location in midtown Memphis closed in November 2000, Herrod transferred to Baptist Memorial Hospital – Memphis where she currently remains employed as a pharmacy technician. (Herrod Dep. at 18:24-19:10, Ex. A).

5. When Herrod began working at Baptist, she was told she was entitled to take a 30-minute lunch break, which she was expected to take. (Herrod Dep. at 34:17-25, attached as Ex. A).

6. Herrod does not recall giving up her lunch break or her break being interrupted and not receiving pay for it. (Herrod Dep. at 36:25-37:5, attached as Ex. A).

7. Herrod admits that she has always received a full 30-minute lunch break during every shift that she has worked at Baptist-Memphis. (Herrod Dep. at 37:6-10, attached as Ex. A).

**ARGUMENT**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence and

justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id*. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10A Charles A. Wright et al., Federal Practice and Procedure §2727 (3d ed. 1998).

Once a properly supported motion for summary judgment has been made, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). A genuine issue for trial exists only if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

In this case, Plaintiff opted to join a lawsuit comprised of employees who allege they were not compensated for time worked during meal breaks. Plaintiff, however, very clearly testified that she did not ever recall giving up a lunch break, or having a lunch break interrupted and not being paid for it. Indeed, when specifically asked whether "during the entire time [she

3

has] worked at Baptist-Memphis [has she] always gotten a full 30-minute lunch break during every shift [she has] worked," Plaintiff responded, "yes."  Based on Plaintiff's testimony, the only allegation at issue in this case, that she was not compensated for time worked during her meal break, is defeated.  Accordingly, no genuine issue of material fact exists and Defendant is entitled to summary judgment as to opt-in Plaintiff Sonya Herrod's claims.

## CONCLUSION

Based on the foregoing and in accordance with well-settled law, Defendant respectfully requests that the Court dismiss Sonya Herrod's claims against it for failure to compensate time worked during meal breaks.

Respectfully submitted,

/s/ *Craig A. Cowart*
Paul E. Prather (TN Bar # 10089)
Sylvia R. Adams (TN Bar # 19269)
Craig A. Cowart (TN Bar #17316)
Lisa L. Leach (TN Bar # 014486)
KIESEWETTER WISE
  KAPLAN PRATHER, PLC
3725 Champion Hills Drive, Suite 3000
Memphis, Tennessee  38125
Telephone:  (901) 795-6695
Facsimile:  (901) 795-1646
Email: pprather@kiesewetterwise.com;
sadams@kiesewetterwise.com;
ccowart@kiesewetterwise.com;
lleach@kiesewetterwise.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

   Alan G. Crone
   Crone & Mason, PLC
   5100 Poplar Avenue, Suite 3200
   Memphis, TN  38137


            */s/ Craig A. Cowart*