IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JAMES ALLEN FRYE, on Behalf of    )
Himself and All Others            )
Similarly Situated,               )
                                  )
    Plaintiff,                    )
                                  )
v.                                )         No. 07-2708
                                  )
BAPTIST MEMORIAL HOSPITAL,        )
INC. d/b/a BAPTIST MEMORIAL       )
HOSPITAL—MEMPHIS, BAPTIST         )
MEMORIAL HOSPITAL—                )
COLLIERVILLE, and BAPTIST         )
MEMORIAL HOSPITAL FOR WOMEN,      )
                                  )
    Defendant.                    )
                                  )
                                  )

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff James Allen Frye ("Frye") alleges that Defendant Baptist Memorial Hospital, Inc. ("Baptist") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., by failing to compensate him and similarly situated hourly employees for time worked during meal breaks. (See Compl. ¶¶ 8-9, 24-25, 33, ECF No. 1.) Before the Court is Baptist's January 15, 2010 motion for summary judgment as to Frye. (See Def. Baptist Memorial Hospital Inc.'s Mot. for Summ. J. as to Named Pl. James Allen Frye, ECF No. 343.) ("Baptist's Mot.") After an initial stay of the motion, Frye responded in opposition on

December 10, 2010.  (<u>See</u> Mot. for Supplemental Scheduling Order, ECF No. 366; Minutes, ECF No. 369; Minutes, ECF No. 399; Pl.'s Resp. to Defs.' Mot. for Summ. J., ECF No. 400 ("Pl.'s Resp.").) Baptist replied on December 20, 2010.  (<u>See</u> Def.'s Reply in Supp. of its Mot. for Summ. J. as to Named Pl. James Frye, ECF No. 403.)  ("Baptist's Reply")  For the following reasons, Baptist's motion is GRANTED.

## I.  Background[1]

While Frye was employed as a nurse at Baptist from 2004 through 2007, Baptist had a policy of providing hourly employees with daily unpaid meal breaks and automatically deducting from their compensation an amount representing the time they spent on those breaks.  (<u>See</u> Compl. ¶¶ 8-9; Barbaree Decl. Ex. 1, ECF No. 343-4 (containing excerpts from Baptist's policy manual).) Baptist also had a policy of compensating hourly employees for time worked during meal breaks, and individual departments were responsible for maintaining systems to ensure that employees were compensated for that time.  (<u>See</u> Def. Baptist Mem.

---

[1]  Unless otherwise stated, all facts in this Part come from Baptist's Statement of Undisputed Material Facts.  (<u>See</u> Def. Baptist Mem. Hospital, Inc.'s Statement of Undisputed Material Facts in Supp. of its Mot. for Summ. J. as to Named Pl. James Allen Frye, ECF No. 343-2.)  Because Frye has not responded to Baptist's statement, Baptist's facts are deemed admitted.  <u>See</u> W.D. Tenn. Civ. R. 7.2(d)(3) (requiring a party opposing summary judgment to respond to the moving party's statement of undisputed facts "by affixing to the response copies of the precise portions of the record relied upon to evidence . . . that the . . . designated material facts are at issue"); <u>Akines v. Shelby Cnty. Gov't</u>, 512 F. Supp. 2d 1138, 1147-48 (W.D. Tenn. 2007) (explaining that, where the non-moving party fails to follow Local Rule 7.2(d)(3), courts in this judicial district "consider the [moving party's] statement of undisputed material facts as having been admitted").

Hospital, Inc.'s Statement of Undisputed Material Facts in Supp.
of its Mot. for Summ. J. as to Named Pl. James Allen Frye ¶¶ 15-
16, ECF No. 343-2.) ("Facts")  Hourly employees subject to the
automatic deduction policy received instructions, generally at
their departmental orientation, on documenting missed or
interrupted meal breaks to ensure they received compensation for
time worked during those breaks.  (See id. ¶¶ 12, 15.)  To
ensure employees were paid for all time worked, many departments
used paper records known as "exception logs," which they
maintained in a common area accessible to department employees.
(See id. ¶ 16.)  Employees could use the exception logs to
record time worked during meal breaks and other time worked
outside their regular hours.  (See id.)  According to Jerry
Barbaree, Baptist's Director of Human Resources, Baptist has not
received any indication from the Department of Labor or any
other organization that its automatic deduction policy or
department-based exception system might violate the FLSA.  (See
id. ¶ 13.)

    When Frye began his employment at Baptist, he received
information about Baptist's overtime, attendance, and pay
procedures at his departmental orientation.  (See Facts ¶ 11.)
Although Frye received periodic training about using the
exception log, including a memorandum reminding him to do so,
and he used the exception log to record some time worked outside

his regular hours, Frye did not use the exception log to report time worked during meal breaks because he forgot to do so. (See id. ¶¶ 6, 9-10; see also Frye Dep. 23:24-24:8, 29:2-29:4, Feb. 26, 2009, ECF No. 343-4.) Frye was never told not to use the exception log, and, when he used the exception log, his time entries were approved. (Facts ¶ 5.) When Frye brought errors in his compensation to the attention of Baptist's payroll department, those errors were corrected. (Id. ¶ 7.) After Baptist had terminated Frye's employment in April 2007, it issued his final paycheck on April 27, 2007. (See id. ¶ 1.)

On behalf of himself and all others similarly situated, Frye filed this suit against Baptist on November 2, 2007, alleging that Baptist had willfully failed to pay hourly employees for time worked during meal breaks in violation of the FLSA. (Id. ¶ 2.) On September 16, 2008, the Court conditionally certified a class of Baptist employees who had been subject to an automatic thirty-minute payroll deduction for meal breaks. (See Order Granting in Part and Denying in Part Mot. to Certify Collective Action, ECF No. 144.) On November 4, 2008, the Court approved the parties' plan for providing notice to the class so that similarly situated employees could "opt-in" to the collective action by filing a written consent to join. (See Order Approving Notice and Notice Plan, ECF No. 147.) Frye did not file a written consent to join the suit before the

4

Court's January 10, 2009 deadline for filing written consents.
(Facts ¶¶ 3-4.)

On January 15, 2010, Baptist filed a motion to decertify
the collective action and the motion for summary judgment now
before the Court. (See Mot. to Decertify Collective Action, ECF
No. 339; Baptist's Mot.) The Court stayed the motion for
summary judgment pending resolution of the motion to decertify.
(See Mot. for Supplemental Scheduling Order, ECF No. 366;
Minutes, ECF No. 369.) After the Court granted the motion to
decertify on September 20, 2010, the Court gave Frye until
December 10, 2010 to respond to Baptist's motion for summary
judgment on his claim. (See Order Granting Mot. to Decertify
Collective Action, ECF No. 395; Minutes, ECF No. 399.) Frye has
responded, and Baptist has replied. (See Pl.'s Resp.; Baptist's
Reply.)

## II. Jurisdiction

Because Frye alleges violations of the FLSA, this Court has
subject matter jurisdiction under the general grant of federal
question jurisdiction in 28 U.S.C. § 1331.

## III. Standard of Review

Under Federal Rule of Civil Procedure 56, on motion of a
party, the court "shall grant summary judgment if the movant
shows that there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine [dispute] of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see Fed. R. Civ. P. 56(a).  The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case.  See Fed. R. Civ. P. 56(c)(2); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine dispute for trial.  See Fed. R. Civ. P. 56(c).  A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  One may not oppose a properly supported summary judgment motion by mere reliance on the pleadings.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324

(1986). Instead, the nonmovant must present "concrete evidence supporting [his] claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); see Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). The nonmovant has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in his favor. See Fed. R. Civ. P. 56(c)(1); InterRoyal Corp., 889 F.2d at 111. "Summary judgment is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

## IV.  Analysis

Baptist argues that summary judgment should be granted because Frye's claim is barred by the statute of limitations. (See Def. Baptist Memorial Hospital Inc.'s Mem. of Law in Supp. of its Mot. for Summ. J. as to Named Pl. James Allen Frye 6-11, ECF No. 343-1.) ("Baptist's Mem.") Baptist argues that, because Frye has not filed a written consent to join the collective action, his claim is barred by the two-year statutory

7

period.  (See id. 7-11.)  Baptist also argues that, because Frye

has not shown willfulness on its part, the three-year statutory

period does not apply.  (See id.)

A FLSA action must be commenced within two years of the

date the cause of action accrues, unless there is a willful

violation of the FLSA, in which case the action must be

commenced within three years of accrual.  See 29 U.S.C. §

255(a).  A cause of action under the FLSA accrues "at each

regular payday immediately following the work period during

which the services were rendered for which the wage or overtime

compensation is claimed."  Hughes v. Region VII Area Agency on

Aging, 542 F.3d 169, 187 (6th Cir. 2008) (citations and internal

quotation marks omitted); see also Archer v. Sullivan Cnty.,

Tenn., Nos. 95-5214, 95-5215, 1997 WL 720406, at *2 (6th Cir.

Nov. 14, 1997) (citation omitted).

### A. Written Consent

The FLSA permits employees to sue collectively to recover

unpaid wages.  See 29 U.S.C. § 216(b) ("An action to recover . .

. may be maintained against any employer . . . by any one or

more employees for and in behalf of himself or themselves and

other employees similarly situated.")  Employees must file a

written consent to opt-in to a collective action.  See id. ("No

employee shall be a party plaintiff to any such action unless he

gives his consent in writing to become such a party and such

8

consent is filed in the court in which such action is brought.") An employee's filing of a written consent tolls the statute of limitations.  See 29 U.S.C. § 256.  A claimant's FLSA action is deemed commenced for statute of limitations purposes

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256 (emphasis added).

The plain text of § 256 provides that, for a plaintiff's action to be deemed commenced, he must file a written consent to join the collective action, even if he is a named plaintiff in the complaint.  See id. § 256(a).  Courts interpreting that provision have given the text its plain meaning.  See Royster v. Food Lion (In re Food Lion), Nos. 94-2360, 97-1443, 97-1444, 94-2645, 95-1274, 1998 WL 322682, at *12-13 (4th Cir. June 4, 1998) ("Until a plaintiff, even a named plaintiff, has filed a written consent, [ ]he has not joined in the class action, at least for statute of limitations purposes." (citing Songu-Mbriwa v. Davis Mem'l Goodwill Indus., 144 F.R.D. 1, 2 (D.D.C. 1992))); Salazar v. Brown, No. G87-961, 1996 WL 302673, at *10 (W.D. Mich. April 9, 1996) ("Section 256 is expressly conjunctive.  It requires that plaintiffs in a collective action, including the named

9

plaintiffs, file a written consent and that suit is not 'commenced' for statute of limitations purposes until such consent is filed.") "Redundant though it may seem to require consents from the named plaintiffs," the Court of Appeals for the Fourth Circuit explained, "[t]he filing of a collective action under 29 U.S.C. § 216(b) . . . renders consents necessary." In re Food Lion, 1998 WL 322682, at *13.

Based on the plain language of the collective action provision, courts have concluded that, where named plaintiffs in FLSA collective actions have not filed written consents within two or three years of receiving their last paychecks, as applicable, their FLSA claims are time-barred. See id. (affirming a district court's dismissal of named plaintiffs' FLSA claims because no written consents had been filed during the applicable three-year period); Salazar, 1996 WL 302673, at *12 (granting summary judgment in favor of an employer as to various named plaintiffs because "no consent has ever been filed and more than three years has elapsed since their last paycheck").

In Salazar, a district court in this circuit explained that, to avoid the harsh result of rejecting named plaintiffs' claims for failing to file written consents, "courts have characterized affidavits filed along with the complaint as sufficient 'consents' to satisfy the statutory requirement" or

have "characterize[d] . . . claims as . . . individual claims rather than a collective ones." See Salazar, 1996 WL 302673, at *11 (collecting cases) (citations omitted).  Where a  complaint identifies itself as a collective action and "[o]ther potential parties have 'opted in' by filing their consents," however, the claim "cannot be characterized as anything other than a collective FLSA action requiring named plaintiffs to file written consents to toll the statute of limitation." See id. at *12.

Frye and Clarence Moore ("Moore") filed suit against Baptist "on behalf of themselves and all other similarly situated hourly employees . . . as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b)."[2]  (See Compl. ¶¶ 1, 15.) The Court established January 10, 2009, as the deadline for filing written consents.  (See Facts ¶ 3; see also Order Approving Notice and Notice Plan 2.)  Frye did not file a written consent to join the suit before the Court's January 10, 2009 deadline.  (Facts ¶ 4.)  He did not move for leave to file a written consent at anytime after that deadline.  He has not filed or sought to file a written consent to date.

Acknowledging these facts, Frye makes several arguments against granting summary judgment in favor of Baptist.  (See

---

[2]  Moore was dismissed without prejudice on April 24, 2008.  (See Order Dismissing Clarence Moore and Certain Opt-ins and Order Staying Discovery, ECF No. 132.)

Pl.'s Resp. 3-9.)  Those arguments fall into three categories:
(1) that he was not required to submit a written consent, (2)
that he has complied with the written-consent requirement, and
(3) that Baptist is estopped from raising its written-consent
argument.  (See id.)

### 1. Written-consent Requirement

Frye argues that he was not required to submit a written
consent for three reasons.  (See id. at 3-6.)  The first is
that, because the Court decertified Frye's collective action,
"the case can be treated as if it remained an individual action
throughout its entire life," and, if the Court treats the suit
as an individual action, "no requirement that Mr. Frye submit
written consent ever attached."  (See id. at 3-4.)

Frye relies on In re Food Lion and Smith v. Central
Security Bureau, Inc., 231 F. Supp. 2d 455 (W.D. Va. 2002) for
the proposition that an employee bringing a FLSA claim may file
a complaint in a dual capacity—on behalf of himself individually
and on behalf of others.  In In re Food Lion, the Fourth Circuit
noted that, "[h]ad this action been brought simply as an
individual case with several plaintiffs, there would have been no
need for any consents to have been filed."  See In re Food Lion,
Inc., 1998 WL 322682, at *13.  The district court in Smith
explained that, "where the record reveals an intent to file an
individual claim, and the individual claim is timely filed, it

12

should be allowed to continue, notwithstanding the individual plaintiff's failure to timely file a consent to join the collective action." Smith, 231 F. Supp. 2d at 461. In Smith, the district court concluded that the plaintiff had "unambiguously stated his intent to proceed in a dual capacity" because he had "instituted the action 'individually and on behalf of others.'" Id. at 461.

The plain text of 29 U.S.C. § 216(b) demonstrates that a plaintiff may file a FLSA claim individually or collectively, but does not suggest that a plaintiff may file a claim in a "dual capacity." See 29 U.S.C. § 216(b) (permitting suit "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated"). Assuming that filing in a dual capacity were permitted under 29 U.S.C. § 216(b), however, a plaintiff's complaint must "clearly put the employer and the court on notice of" his intent to file in that capacity. See Smith, 231 F. Supp. 2d at 461.

Frye did not put Baptist on notice that he was filing in a dual capacity. Unlike the named plaintiff in Smith, Frye and Moore filed this action "on behalf of themselves and all other similarly situated hourly employees," not "individually and on behalf of others.'" Compare id. at 461, with (Compl. ¶ 1). Nothing in the complaint evidences an intent on the part of Frye to file an individual claim. Cf. Smith, 231 F. Supp. 2d at 461.

There is no reason to treat Frye's claim as an individual action when, on the face of his complaint, he asserted a representative action on behalf of himself and all similarly situated hourly employees. (See Compl. ¶¶ 1, 15.) Because Frye's action was asserted collectively, not individually or in a dual capacity, Frye's argument that his suit may be treated as if it had remained an individual action is not well-taken.

The second reason Frye argues he was not required to provide a written consent is that the Court's order decertifying the collective action was "akin to amending the original Complaint" under Federal Rule of Civil Procedure 15. (See Pl.'s Resp. 4.) Because "the allegations set forth in the original complaint are identical in every way to the amended Complaint except in number of plaintiffs," Frye argues that the amendment by decertification should relate back to the filing of the original complaint under Rule 15. See Fed. R. Civ. P. 15(c)(1)(B); (id. at 4).

Language in a recent opinion of the Court of Appeals for the Seventh Circuit might seem to support Frye's argument. See Alvarez v. City of Chicago, 605 F.3d 445, 450 (7th Cir. 2010) (citations omitted). In Alvarez, the court explained that, "[w]hen a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs." See id.. Despite that language, however, the Seventh Circuit

14

concluded that, when a court decertifies a collective action, the named plaintiffs' FLSA claims remain before the court, and the opt-in plaintiffs are dismissed without prejudice. <u>See</u> <u>id.</u> Nothing in <u>Alvarez</u> suggests that decertification amends an original collective action complaint, making a named plaintiff's written consent unnecessary.

Frye cites no authority for the proposition that a decertification order may be treated as an amendment of the complaint that relates back to the original date of filing, and the Court has not found any such authority. The decertification order here did not purport to amend the complaint, and there appears to be no basis under the federal rules for it to have done so. Therefore, Frye's argument that the decertification of the collective action resulted in automatic amendment of the complaint, making his collective action an individual one, is not well-taken.

The third reason Frye argues he was not required to provide a written consent is that "general equitable principles" favoring on-the-merits adjudication and the FLSA's "broadly remedial and humanitarian" purpose "lead[] to the conclusion that Mr. Frye is not required to submit his written consent." (<u>See</u> Pl.'s Resp. 5-6.) As a statute that is "remedial and humanitarian in purpose," the FLSA "must not be interpreted or applied in a narrow, grudging manner." <u>Herman v. Fabri-Centers</u>

of America, Inc., 308 F.3d 580, 585-586 (6th Cir. 2002) (citations omitted). That said, when interpreting the FLSA, courts begin with the plain text. See id. Under the principles of statutory interpretation generally applied in this circuit, if a plain meaning is evident in the statutory text, a court gives the text that meaning. See, e.g., Bates v. Dura Auto. Sys., Inc., 625 F.3d 283, 285 (6th Cir. 2010) ("When we can discern an unambiguous and plain meaning from the language of a statute, our task is at an end." (quoting Bartlik v. U.S. Dep't of Labor, 62 F.3d 163, 166 (6th Cir. 1995))).

The plain text of the FLSA collective action provision requires that an employee file a written consent to join a collective action, even when that employee is a named plaintiff in the complaint. See 29 U.S.C. § 216(b); supra at 8-10. Although the FLSA has a remedial purpose, its plain text cannot be stretched beyond the breaking point. See In re Food Lion, 1998 WL 322682, at *10. Frye cites no authority for applying general equitable principles to supplant the balance struck by Congress in drafting and adopting the FLSA's collective action provision. Frye's argument that he is excused from filing a written consent based on general equitable principles and the FLSA's remedial purpose is not well-taken. Because none of his three reasons is persuasive, Frye was required to file a written consent.

## 2. Compliance with Written-consent Requirement

Frye argues alternatively that he has complied with the written-consent requirement. (See Pl.'s Resp. 6-8.) He notes that he entered into an agreement for legal services that authorized his attorney to bring an action on his behalf, that the complaint filed in his name "expressed his desire to be a part of and represent a group of similarly situated employees," and that the complaint was signed by his attorney. (See id. at 6-7.) According to Frye, that agreement, his attorney's filing the complaint in his name, and the specific allegations in the complaint "should be sufficient to act as consent." (See id. at 7.)

Frye relies on Burrell v. La Follette Coach Lines, 97 F. Supp. 279, 292 (E.D. Tenn. 1971) and Brown v. Dunbar & Sullivan Dredging Co., 189 F.2d 871, 873-74 (2d Cir. 1951). In Burrell, a district court concluded that a named plaintiff had complied with the written-consent requirement by swearing to the allegations in the complaint. See Burrell, 97 F. Supp. at 281-82. However, the district court dismissed as time-barred the claims of the other thirty-one plaintiffs named in the complaint, who had not sworn to its veracity or filed written consents to join. See id. at 282-83. In Brown, the Second Circuit concluded that, by filing with the court the retainer agreements between plaintiffs and their attorneys, the

17

plaintiffs had filed written consents to join the action. <u>See</u>
<u>Brown</u>, 189 F.2d at 873-87.

Burrell and Brown are not authority for the proposition
that Frye complied with the written-consent requirement. Unlike
the plaintiffs in those cases, Frye did not sign a verification
of the complaint's allegations, <u>see</u> <u>Burrell</u>, 97 F. Supp. at 281,
or file his retainer agreement with the Court, <u>see</u> <u>Brown</u>, 189
F.2d at 873-874. The plain language of the FLSA demonstrates
that, to comply with the written-consent requirement, a named
plaintiff must file an explicit written consent. <u>See</u> 29 U.S.C.
§ 256 (noting that when a party is named "in the complaint," his
suit claim is deemed to commence on the date "his written
consent to become a party plaintiff is filed"). Because Frye
has not filed an explicit written consent, his argument that he
has complied with the written-consent requirement is not well-
taken.

### 3. Estoppel

Frye's final argument is that Baptist should be estopped
from asserting that he failed to comply with the FLSA's written-
consent requirement. (<u>See</u> Pl.'s Resp. 8.) Frye argues that he
filed numerous written consents to join the collective action on
behalf of the now dismissed opt-in plaintiffs and that those
consents referred to him as the named plaintiff and authorized
him to make decisions on behalf of the conditionally certified

class.  (See id.)  He also argues that Baptist never objected to the written consents and deposed him in his capacity as the named plaintiff.  (See id.)  The essence of Frye's argument is that, although he failed to file a written consent, Baptist did not challenge his authority to act on behalf of the opt-in plaintiffs before decertification, and, therefore, cannot rely on his failure to bar his individual claim.  (See id.)

Baptist has raised Frye's failure to file a written consent to join the action in a motion for summary judgment.  (See Def.'s Mem. at 6-7.)  Baptist had no duty to inform Frye that he had not filed a written consent to join the collective action or to assert that he was required to do so earlier than it did. Frye has cited no authority for the proposition that, by failing to object to other written consents and by deposing him, Baptist is estopped from raising his failure to file a written consent once the deadline for filing has passed.  Frye's estoppel argument is not well-taken.

Frye failed to file a written consent to join the action before the Court's deadline for filing written consents on January 10, 2009, and has not filed or moved for leave to file a written consent at any point in the litigation.  Without that written consent, Frye's FLSA claim has not been commenced for purposes of the statute of limitations.  See 29 U.S.C. § 256.

19

The issue is whether, having failed to file a written consent, Frye's claims are now time-barred.

Baptist issued Frye's final paycheck on April 27, 2007. (See Facts ¶ 1.)  That is the date his claim accrued.  See Hughes, 542 F.3d at 187; Archer, 1997 WL 720406, at *2.  Four years have passed, and Frye has not filed a written consent to join this action.  Even if the three-year statute of limitations applied to Frye's FLSA claim, his claim would be time-barred. See 29 U.S.C. § 255(a).  Therefore, absent some effect of the court's stay, Baptist's motion for summary judgment is well-taken.

### B. Willfulness

The only remaining issue is whether this Court's stay of the motion for summary judgment as to Frye while it considered the motion to decertify affects the conclusion that Frye's claim is time-barred.  Because Frye received his final paycheck from Baptist on April 27, 2007, if he had moved immediately for leave to file a written consent in response to Baptist's January 15, 2010 motion for summary judgment on his claim, and the Court had permitted Frye to file that consent, his suit would have been timely if Baptist's alleged violations of the FLSA were willful. See 29 U.S.C. § 255(a) (requiring that a FLSA action be filed within two years of accrual or three years if the claim alleges a willful violation); Hughes, 542 F.3d at 187 (explaining that

20

an FLSA claim accrues when an employee is paid for the period during which the alleged violation occurred); (Facts ¶ 1).

"The Supreme Court has explained that a FLSA violation is willful if 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 842 (6th Cir. 2002) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). "A willful violation requires that the employer acted recklessly, at least; it is not sufficient that the employer acted unreasonably." Claeys v. Gandalf Ltd., 303 F. Supp. 2d 890, 893 (S.D. Ohio 2004) (citing McLaughlin, 486 U.S. at 135 n. 13). "Whether an FLSA violation was willful can be decided by courts as a matter of law or by a jury if the issue is not appropriate for summary judgment." Lemaster v. Alt. Healthcare Solutions, Inc., 726 F. Supp. 2d 854, 866 (M.D. Tenn. 2010) (collecting cases) (citations omitted).

A plaintiff bears the burden of proving an employer's willfulness. See id. at 865 (citation omitted). That burden can be satisfied by showing that the "employer disregarded the very 'possibility' that it was violating the statute," Alvarez v. IBP, Inc., 339 F.3d 894, 909 (9th Cir. 2003), but it requires more than showing "than an employer knew the FLSA was in the picture," McLaughlin, 486 U.S. at 133. The Court of Appeals for

21

the Sixth Circuit has "held that a violation of the Act was willful where undisputed evidence showed that the employer 'had actual notice of the requirements of the FLSA by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA.'" Herman v. Palo Group Foster Home, Inc., 183 F.3d 468, 474 (6th Cir. 1999) (quoting Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 967 (6th Cir. 1991)).

Baptist had no reason to believe that it had not compensated Frye for all hours worked. Courts in this circuit have denied recovery in FLSA cases where an employee is aware of her employer's system for reporting work that falls outside the employee's normal, forty-hour shift, but fails to report that work. See Wood v. Mid-America Mgmt. Corp., 192 F. App'x 378, 380-81 (6th Cir. 2006); Berger v. Cleveland Clinic Found., No. 1:05 CV 1508, 2007 WL 2902907, at *13 (N.D. Ohio Sept. 29, 2007). Frye was aware of Baptist's policies, and, when he used the exception log or reported payroll errors to the payroll department, he received proper compensation. (See Facts ¶¶ 5, 7.) Although Frye did not use the exception log to report time worked during his meal breaks, Baptist had no reason to know that he had not reported his time, especially when he used the exception log to report other time worked outside his regular hours. (See Frye Dep. 23:24-24:8, 29:2-29:4.)

22

Baptist also had no reason to believe that its automatic deduction policy and corresponding exception log system violated the FLSA because they almost certainly did not.  Standing alone, an employer policy providing automatic deductions for meal breaks does not violate the FLSA.  See Fengler v. Crouse Health Found., Inc., 595 F. Supp. 2d 189, 195 (N.D.N.Y 2009); see also Wage and Hour Div., U.S. Dep't of Labor Fact Sheet No. 53, The Health Care Industry and Hours Worked (July 2009), ECF No. 373-16, available at http://www.dol.gov/whd/regs/compliance/whdfs53.pdf (recognizing that the FLSA permits automatic deduction policies).  "It is the failure of an employer to compensate employees who work through those unpaid meal breaks, and to police and oversee hourly workers and their supervisors to ensure that when working through or during unpaid meal breaks they are compensated, that potentially runs afoul of the Act." Fengler, 595 F. Supp. 2d at 195.  Baptist has not received any indication from the Department of Labor or any other organization that its automatic deduction policy or department-based exception system fails to comply with the FLSA.  (See Facts ¶ 13.)

Nothing in the record suggests that Baptist violated the FLSA by failing to compensate Frye when he worked through meal breaks or by failing to police and oversee Frye and his supervisors to ensure they complied with the FLSA.  Baptist

maintained a policy of paying hourly employees for all time worked, including time worked during meal breaks when that time would otherwise be automatically deducted from their compensation. (See Facts ¶ 14.) Hourly employees subject to automatic deductions for meal breaks received instructions about how to report time worked during those breaks at their departmental orientations and at periodic departmental meetings. (See id. ¶¶ 12, 15.)

There is no evidence that Baptist violated the FLSA, much less that Baptist "showed reckless disregard for the matter of whether its conduct was prohibited by the statute." See Elwell, 276 F.3d at 842 (citation and internal quotation marks omitted). Frye appears to concede as much in his response, but argues that summary judgment on the issue of willfulness is premature. (See Pl.'s Resp. 10.) Instead, Frye suggests that more discovery would be appropriate. (See id.)

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." See Fed. R. Civ. P. 56(d). Frye has not attached an affidavit or declaration outlining the specified reasons he cannot respond to the willfulness issue. In his response, he argues that he

24

> lacks information regarding the specific content of
> the training allegedly given to employees upon the
> start of employment, any additional training allegedly
> given to employees within a specific department, any
> auditing procedures used to ensure compliance with or
> understanding of the rules regarding and operation of
> any exception logs, or any other evidence that would
> tend to show whether [Baptist's] actions were willful
> for purposes of the FLSA.

(Pl.'s Resp. 10.)

The record demonstrates that Frye has explored many of these issues in prior discovery with Baptist. Baptist agreed to permit its agents to discuss training, auditing, and compliance during their depositions, and the statement of relevant facts submitted with Frye's response to Baptist's motion to decertify contains many facts about the cited issues learned through those depositions. (See Relevant Facts ¶¶ 5-38; 46-60, ECF No. 373; Def.'s Resps. and Objections to Pls.' Am. Notice to Take 30(b)(6) Deposition Propounded to Def. Baptist Mem. Hospital, Inc., ECF No. 403-5.) Frye explored the issues that concern him while attempting to show that Baptist employees were similarly situated for purposes of final certification of his collective action. His response to Baptist's motion for summary judgment does not articulate how further discovery directed to those issues would show that Baptist willfully violated the FLSA. See Fed. R. Civ. P. 56(d) (requiring "specified reasons" for extending discovery). Frye's argument that summary judgment is premature is not well-taken.

If Frye had immediately filed a written consent to join this suit in response to Baptist's motion for summary judgment in January 2010, that written consent would have been timely only if Frye had met his burden of showing that Baptist had willfully violated the FLSA. Because Frye has not met that burden, the three-year statutory period does not apply, and his suit is time-barred. Therefore, Baptist's motion for summary judgment is well-taken.

### V.    Conclusion

Because Frye has not filed a written consent to join this action, his claim is barred by the two-year statutory period. Because Frye he has not shown that Baptist willfully violated the FLSA, the three-year statutory period does not apply.

Based on the foregoing, Baptist's motion for summary judgment on Frye's FLSA claim is GRANTED.

So ordered this 27th day of April, 2011.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

26