IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES ALLEN FRYE, on Behalf of Himself and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07-2708 |
| BAPTIST MEMORIAL HOSPITAL, INC. d/b/a BAPTIST MEMORIAL HOSPITAL—MEMPHIS, BAPTIST MEMORIAL HOSPITAL— COLLIERVILLE, and BAPTIST MEMORIAL HOSPITAL FOR WOMEN, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR TAXATION OF COSTS AND
AWARDING COSTS

Plaintiff James Allen Frye ("Frye") brought this action claiming that Defendant Baptist Memorial Hospital, Inc. ("Baptist") had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to compensate him and similarly situated hourly employees for time worked during meal breaks. (See Compl. ¶¶ 8-9, 24-25, 33, ECF No. 1) ("Compl.") On April 27, 2011, the Court rejected Frye's claims and granted Baptist's motion for summary judgment. (See ECF No. 409) (the

"April 27 Order.")   On April 27, 2011, judgment was entered against Frye. (<u>See</u> Judgment, ECF No. 410.)

On May 20, 2011, Baptist moved for a Bill of Costs under Rule 54(d) of the Federal Rules of Civil Procedure and requested $55,401.63 incurred for: (1) the service of subpoenas; (2) court reporter fees; and (3) printing and copying costs. (<u>See</u> ECF No. 411.)   The Clerk of Court granted Baptist's Bill of Costs on December 22, 2011. (<u>See</u> ECF No. 419) (the "Bill of Costs.") Frye timely appealed.

Before the Court is Frye's December 29, 2011 Motion for Taxation of Costs. (<u>See</u> ECF No. 420.)  He seeks reversal of the Clerk of Court's entry of the December 22 Bill of Costs.   Frye argues that: (1) the FLSA is a remedial statute that does not provide for taxing costs to plaintiffs; (2) Baptist is not a "prevailing party" entitled to costs; (3) the December 22 Bill of Costs includes amounts that were not necessary to resolve Frye's substantive rights; (4) Baptist's Bill of Costs includes items not covered under federal law; and (5) Frye will be impoverished by the Bill of Costs.   For the following reasons, Frye's Motion is DENIED.

## I.   Background

The Court discussed the factual background of this case in its April 27 Order.

On December 22, the Clerk of Court awarded $55,401.63 to Baptist. The Clerk of Court concluded that Baptist was entitled to costs because, "when it comes to the issue of awarding costs to a successful defendant, FLSA must be read <u>in pari materia</u> with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 . . . . . It is quite possible that FLSA is silent on [awarding costs to defendants] precisely because Rule 54(d) and § 1920 are already in place and speak to this issue." (Bill of Costs 3.) The Clerk of Court rejected Frye's argument that taxing costs would chill future FLSA claims, concluding that "Frye chose to put himself at risk by his role as the named party." (<u>Id.</u> 4.) The Clerk also concluded that Baptist was the prevailing party in the action and that the costs associated with decertifying the collective action were necessary to resolve Frye's substantive rights. (<u>Id.</u>) The Clerk of Court rejected Frye's argument that taxing costs would impoverish him, concluding that his evidence was insufficient. (<u>Id.</u> 5-6.)

## II.  Standard of Review

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs" in the court's discretion. <u>Knology, Inc. v.</u>

3

Insight Commc'ns. Co., 460 F.3d 722, 726 (6th Cir. 2006) (quoting Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001)); accord McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005) (citing White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)); see also Cooley v. Lincoln Electric Co., 776 F. Supp. 2d 511, 574 (N.D. Ohio 2011) ("Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party . . . .") (citations omitted). "'The function of the court in the process of taxing costs is merely to review the determination of the clerk.'" BDT Prods., Inc. v. Lexmark Int'l., Inc., 405 F.3d 415, 417 (6th Cir. 2005) (quoting 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2679 (3d ed. 1998)).

"The costs that courts may tax under Rule 54(d)(1) are confined to the costs itemized in 28 U.S.C. § 1920." In re Cardizem CD Antitrust Litig., 481 F.3d 355, 359 (6th Cir. 2007) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987)); see also Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297-98 (2006).

Section 1920 provides that a judge or any clerk of the United States may tax as costs the following: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees

4

for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees . . . ." 28 U.S.C. § 1920. Courts have discretion under Rule 54(d)(1) to "decline requests for costs, not discretion to award costs that § 1920 fails to enumerate." In re Cardizem CD Antitrust Litig., 481 F.3d at 359. The discretion granted by Rule 54 "is solely a power to decline to tax, as costs, the items enumerated in § 1920." Crawford Fitting, 482 U.S. at 441-42.

When faced with motions under Rule 54(d)(1), district courts review decisions by the clerk of court under a de novo standard. See BDT Prods., 405 F.3d at 419 ("[A]ny decision by the clerk would have been subject to de novo review by the district court."). However, "[b]efore the district court, 'it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." White & White, Inc., 786 F.2d at 732 (quoting Lichter Found., Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959)); see also Cooley, 776 F. Supp. 2d 511 at 574 ("Defendants, who have objected to the payment of costs, bear the burden of proving circumstances sufficient to overcome the presumption in favor of an award of costs.") (citation omitted).

### III. Analysis

#### A.   The FLSA Allows Defendants to Recover Costs

Under 29 U.S.C. § 216(b), "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." This provision is the exclusive procedural mechanism for certification of collective actions under the FLSA. See Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D. Kan. 2004). Although the FLSA does not expressly permit defendants to recover costs, § 216(b) provides that, "in addition to any judgment awarded to the plaintiffs or plaintiffs, [to] allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The Sixth Circuit has not addressed whether § 216(b), or any other FLSA provision, permits defendants to recover costs.

Frye argues that neither the text nor the spirit of the FLSA contemplates awarding costs to defendants. He cites Fegley v. Higgins, 19 F.3d 1126, 1135 (6th Cir. 1994), where the Sixth Circuit refused to award a successful defendant attorney's fees under the FLSA. He contends that if the FLSA does not provide for attorney's fees it must also exclude costs. Frye also argues that awarding costs to defendants would undermine the "broad remedial and humanitarian" purposes that the FLSA is designed to serve. See Fegley, 19 F.3d at 1132.

"An award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical."

Creten-Miller v. Westlake Hardware, Inc., No. 08-2351-KHV, 2009
U.S. Dist. LEXIS 60393, at *15 (D. Kan. July 15, 2009)
(collecting cases); see also Gomez v. Reinke, No. CV91-299-S-
LMB, 2008 U.S. Dist. LEXIS 60547, at *6 (D. Idaho 2008)
(awarding costs to defendants for prevailing on merits of an
FLSA collective action claim).  When confronted with defendants'
requests for costs, district courts have analyzed those requests
using the framework of Rule 54(d) and § 1920, rather than the
FLSA itself.  See, e.g., Johnson v. Big Lots Stores, Inc., 639
F. Supp. 2d 696, 707-08 (E.D. La. 2009) (evaluating the
defendant's request for costs under Rule 54(d)(1) without
reference to the FLSA).  When addressing whether defendants
qualify for costs under Rule 54(d)(1), courts have focused on
whether they are "prevailing parties."  See id. at 708.  There
is a "strong presumption" under Rule 54(d) that prevailing
parties will be awarded costs.  Id. (citing Cheatham v. Allstate
Ins. Co., 465 F.3d 578, 586 (5th Cir. 2006)).  Baptist is
entitled to recover costs, and that right flows from Rule 54(d)
rather than the FLSA.

Frye's reliance on Fegley is misplaced.  In Fegley, the
Sixth Circuit concluded that defendants were not entitled to
attorney's fees because § 216(b) "does not provide for
plaintiffs to pay attorney fees to defendants; under the plain
language of the statute, defendants' argument is meritless."  19

F.3d at 1135.   Although the Sixth Circuit did not directly address the issue of costs, it noted that § 216(b) distinguished between an "attorney's fee" and "the costs of the action."   Id. Rule 54 also distinguishes between attorney's fees and costs. Compare Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.") with Fed. R. Civ. P. 54(d)(2)(b) ("Unless a statute or a court order provides otherwise, the motion must . . . specify the judgment and the statute, rule or other grounds entitling the movant to the award.").

The Clerk of Court relied on Rule 54 in concluding that the FLSA "must be read in pari materia with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920; and whereas [the] FLSA might not specifically provide for the recovery of a defendant's costs, Rle 54(d) and § 1920 do.   It is quite possible that [the] FLSA is silent on this issue precisely because Rule 54(d) and § 1920 are already in place and speak to this issue."   (Bill of Costs 3.)

A matter of presumption distinguishes Rule 54's provisions for attorney's fees and costs.   The plain language of Rule 54(d)(1) entitles prevailing parties to costs unless prohibited by a statute, rule, or court order.   See Watkins v. Bailey, No. 09-2149, 2011 U.S. Dist. LEXIS 73306, at *3 (W.D. Tenn. July 6,

2011) ("Rule 54(d)(1) 'creates a presumption in favor of awarding costs.'") (quoting <u>Knology, Inc.</u>, 460 F.3d at 726). Rule 54's provision for attorney's fees requires parties to identify the authority permitting fees. <u>See</u> Fed. R. Civ. P. 54(d)(2)(B). Given that distinction, it is no surprise that courts addressing requests for attorney's fees and costs have concluded that defendants are entitled to costs, but not fees. <u>See</u> <u>Fegley</u>, 19 F.3d 1135 (concluding that defendants may not recover attorney's fees in defending FLSA actions); <u>see also</u> <u>Reyes v. Texas EZPawn</u>, No. V-03-128, 2007 U.S. Dist. LEXIS 93056, at *5-6 (S.D. Tex. 2007) (awarding costs to defendants); <u>Big Lots</u>, 639 F. Supp. 2d at 707-08 (analyzing whether to award costs to defendants based on Rule 54 without reference to FLSA provisions).

Frye's argument that awarding costs to Baptist would have a chilling effect on future FLSA claims is without merit. The FLSA is "designed to be 'a broadly remedial and humanitarian statute,'" <u>Fegley</u>, 19 F.3d 1132 (quoting <u>Dunlop v. Carriage Carpet Co.</u>, 548 F.2d 139, 143 (6th Cir. 1977)), but taxing costs to Frye would not undermine those goals. Frye chose to bring his FLSA claim as a collective action. He was not required to do so. He chose to put himself at risk as the named party, and he assumed the attendant risks, including the risk of paying costs. That the FLSA is remedial should not permit Frye to

evade the responsibilities of advancing a failed claim. Congress has recognized that representative actions are neither risk-free nor inexpensive; indeed, risk and cost are ubiquitous. Frye may not use the FLSA as a sword to advance his claim while shielding himself from risk. To conclude otherwise would allow plaintiffs to advance risk-free FLSA claims, which neither the FLSA nor representative actions in general permit.

### B. Baptist Is a Prevailing Party

Under Rule 54(d)(1), courts may award costs other than attorney's fees to the prevailing party, subject to the district court's discretion to direct otherwise. See Hadix v. Johnson, 322 F.3d 895, 899 (6th Cir. 2003); see also Clarke v. Mindis Metals, No. 95-5517, 1996 U.S. App. LEXIS 27925, at *31 (6th Cir. Oct. 24, 1996). This provision establishes the presumption that prevailing parties are "usually entitled to costs." Hadix, 322 at 899. Whether Baptist is entitled to costs turns, in part, on whether it is a prevailing party. See Andretti v. Borla Performance Indus., 426 F.3d 824, 835 (6th Cir. 2005).

A party is said to prevail when it receives "at least some relief on the merits of [its] claim." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't. of Health and Human Res., 532 U.S. 598, 603 (2001) (defining "prevailing party" in the context of fee-shifting statutes); accord, Andretti, 426 F.3d at 835. For a party to be "prevailing," there must be a "judicially

10

sanctioned change in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc., 532 U.S. at 605.

Baptist seeks costs incurred in achieving decertification and denying Frye's claims on summary judgment. Frye does not dispute that Baptist is entitled to costs on summary judgment. He could not. It is axiomatic that a party granted summary judgment is a "prevailing party" under Rule 54. See Swann v. Sec'y, 2012 U.S. App. LEXIS 1967, at *10 (11th Cir. Feb. 2, 2012); see also Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("[A] grant of summary judgment is a decision on the merits."). Given that foundation, the Court must decide whether Baptist's "prevailing party" status on summary judgment includes costs incurred in decertification proceedings.

The Sixth Circuit has not addressed whether a defendant becomes a prevailing party on decertification. Other courts disagree about whether decertification proceedings in representative actions are collateral to the merits. See Big Lots, 639 F. Supp. 2d at 708 ("The denial or decertification of a class is a "procedural ruling, collateral to the merits of the litigation.") (quoting J.R. Clearwater, Inc. v. Ashland Chemical Co., 93 F.3d 176 (5th Cir. 1996)); Gidden v. Chromalloy American Corp., 808 F.2d 621, 623 (7th Cir. 1986) ("[A] decision on class certification is not collateral to a decision on the merits.")

11

(characterizing Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978)).  The Supreme Court has not decided the issue, although the court has addressed finality for purposes of appeal. Compare Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 336 (1980) ("We view the denial of class certification as an example of a procedural ruling, collateral to the merits of a litigation, that is appealable after the entry of final judgment.") with Livesay, 437 U.S. at 469 ("To come within the small class of decisions excepted from the final-judgment rule . . . the order must conclusively determine the disputed question, [and] resolve an important issue completely separate  from the merits of the action, . . . An order passing on a request for class certification does not fall in that category.") (internal citations and quotations omitted); but see Dealer Computer Servs. v. Dub Herring Ford, 623 F.3d 348 352-53 (6th Cir. 2010) (noting in dictum that class certification decisions by district courts are traditionally not final determinations of parties substantive rights or the merits of any claim).

District courts have decided whether a party has prevailed based on the stage of the litigation.  See Big Lots, 639 F. Supp. 2d at 708 ("[T]his case does not show that a decertification victory makes a defendant a prevailing party."); Reyes, 2007 U.S. Dist. LEXIS 93056, at *6 ("Based on such a

view, EZPawn successfully decertified the class and was clearly the prevailing party at trial.").

The Clerk of Court concluded that, "[w]hile it has been stated that decertification of an FLSA collective action class is a procedural ruling collateral to the merits of the litigation, achieving decertification is itself a prevailing outcome for Defendant regardless of whether opt-in plaintiffs might be free to then pursue their individual claims." (Bill of Costs 4.)   Frye argues that the Clerk of Court erred because decertification did not "'change the legal relationship'" between the parties in a way that is "enduring" and "irrevocable."   See McQueary v. Conway, 614 F.3d 591, 597 (6th Cir. 2010) (quoting Sole v. Wyner, 551 U.S. 74, 86 (2007)). Frye also contends that it would be inequitable to tax him, the sole plaintiff after decertification, for costs attributable to defending claims of opt-in parties when those claims were never adjudicated on the merits.

The plaintiff in Reyes objected to decertification costs that were requested after the defendants had prevailed on the merits at trial.   Reyes, 2007 U.S. Dist. LEXIS 93056, at *5. The district court rejected the plaintiff's contention that decertification proceedings should be evaluated separately from the trial, reasoning that "the Court must view this case as a whole to determine who is the prevailing party as to [the

13

decertified] plaintiffs." Id. (citing Studiengesellschaft Kohle v. Eastman Kodak, 713 F.2d 128, 131 (5th Cir. 1983) ("The case must be viewed as a whole to determine who is the prevailing party."). The district court awarded costs to the defendants. See id. at *6.

In the Sixth Circuit, decisions "on prevailing party statuses [are] limited to the case as a whole on the merits." N.A.A.C.P. v. THE DETROIT, No. 89-1065, 1990 U.S. App. LEXIS 17304, at *4 (6th Cir. Sept. 27, 1990). Baptist succeeded in decertifying the collective action and prevailed on summary judgment. Compare Reyes, 2007 U.S. Dist. LEXIS 93056, at *6 ("Based on such a view, EZPawn successfully decertified the class and was clearly the prevailing party at trial."). Given the collective nature of the suit, Baptist was required to defend against the claims of more than four hundred claimants. Baptist incurred costs not only in pursuing summary judgment, but also in "being required to defend against a collective action" at multiple stages. See id. at *6. When a defendant prevails on the merits of the claims for which it seeks costs, the victory is "not the decertification of a class, but a judgment on the merits." Big Lots, 639 F. Supp. 2d at 708. Baptist is entitled to the costs of decertification.

Frye relies on Big Lots, 639 F. Supp. 2d at 709. That reliance is misplaced. In Big Lots, there was no final decision

14

on the merits; the district court denied the defendant's motion because the defendant had achieved only decertification, a procedural decision.  Id.  The defendant had not "prevailed on all issues, both procedural and those related to the merits." Big Lots, 639 F. Supp. 2d at 708 (distinguishing Reyes, 2007 U.S. Dist. LEXIS 93056, at *6).  Here, it was the decision on the merits, "not the decertification victory, [that] made [Baptist] the prevailing party."  Id.

### C. The Amounts Requested Were Necessary and Included Under § 1920

Frye argues that Baptist cannot recover the costs of decertification because they were not necessary to resolve Frye's substantive rights.  In the December 22 Bill of Costs, the Clerk of Court concluded:

> [Frye] basically argues that charging [him] with all of the recoverable costs incurred by Defendant leaves him holding the bag for 402 other plaintiffs, which just seems unfair and inequitable.  It is pretty clear that if all costs are charged against Plaintiff Frye, the opt-in Plaintiffs [sic] would have enjoyed a free ride at his personal expense.  It is the opinion of the Clerk that unless the opt-in plaintiffs explicitly or implicitly agreed to share these expenses when they signed up as collective action members (and there is no evidence of this in the record and no proof was offered at the hearing), they were participating in the case risk-free, and every plaintiff who opted in basically increased the financial exposure of Plaintiff Frye.  Why should Defendant, as the prevailing party in this action, absorb considerable costs just to relieve Plaintiff Frye of his potential risk in acting as the representative plaintiff? Moreover, it was Plaintiff Frye's option to bundle his personal claims with hundreds of others by creating a

15

certified class in lieu of pursuing his claims individually. There is a risk in his doing so, and the risk materialized in this action.

(Bill of Costs 4.)

Costs taxed under Rule 54 include fees for printed or electronically recorded transcripts and fees for exemplification and the costs of making copies of any materials where the copies are "necessarily obtained for use in the case." 28 U.S.C. § 1920. "[N]ecessity is determined as of the time of taking, and the fact that a [document] is not actually used . . . is not controlling." Whitesell Corp. v. Whirlpool Corp., 2010 U.S. Dist. LEXIS 45251, at *4 (W.D. Mich. May 10, 2010) (quoting Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989)).

Frye objects to $1,008 for subpoenaing certain opt-in plaintiffs for depositions, $23,240.60 in court reporting costs, $26,197.18 in printing charges incurred in scanning Baptist's personnel files, and $1,955.85 in exemplification and copy charges. (Pl.'s Mem. 9.) He argues that the vast majority of these costs are attributable to other opt-in plaintiffs and should not be taxed to him. Frye contends that Baptist is "only entitled to recover as taxable costs those charges enumerated in 28 U.S.C. § 1920 which are necessary to the dispositive motion regarding Mr. Frye, such as the copies of the pleadings that were actually filed with the court, deposition transcripts cited

in the dispositive motion, or subpoenas for witnesses whose testimony was cited in the dispositive motion." (Id.)

As to Frye's initial argument, that costs incurred in the decertification proceedings are not taxable after a final decision on the merits, courts have concluded otherwise. See Reyes, 2007 U.S. Dist. LEXIS 93056, at *6 ("EZPawn successfully decertified the class and was clearly the prevailing party . . . . [T]he costs incurred were reasonable and necessary given the collective nature of the lawsuit."); see also Anderson v. Cagle Foods JV, LLC, No. 1:00-cv-166 (WLS) (M.D. Ga. 2009) ("This Court finds the reasoning of Reyes persuasive and thus awards the $23,017.67 in deposition costs against the plaintiff.").

The reasoning of these authorities is persuasive and is consistent with precedent in the Sixth Circuit. See Whitesell Corp., 2011 U.S. Dist. LEXIS 45251, at *5. When Baptist deposed the opt-in plaintiffs, Baptist "could have reasonably believed that each of its [depositions] would play an integral role in the resolution of the case." Id. Discovery related to the certification of a collective action was necessary to resolve Frye's representative action because, when the depositions were taken, Baptist's ability to investigate and respond depended on what was said during depositions. See In re Kulicke & Soffa Indus., Inc., Sec. Litig., 747 F. Supp. 1136, 1147 (E.D. Pa. 1990) ("[T]he ability to respond adequately to plaintiff's

17

pretrial motions depended in large part on the review of deposition testimony."). "The costs incurred in the litigation occurred as a result of [Baptist's] being required to defend against a collective action." Reyes, 2007 U.S. Dist. LEXIS 93056, at *6. Awarding costs "necessarily incurred" is appropriate. Id.

Frye argues that, even if Baptist's costs were necessary, they would not fall within the terms "printing" or "exemplification" defined by § 1920. Specifically, Frye objects to awarding $5,148.23 in Image Optical Character Recognition ("OCR Capture") charges. (Pl's Mem. 10.) He does not challenge other costs on this ground.

Courts have recognized that § 1920 "permits the recovery of a wide range of copying costs, including 'copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration.'" Whitesell Corp., 2010 U.S. Dist. LEXIS 45251, at *13 (quoting Whirlpool Corp. v. LG Elecs., Inc., No. 1:04-CV-100, 2007 U.S. Dist. LEXIS 62591, at *5 (W.D. Mich. Aug. 26, 2007)).

OCR Capture is a form of electronic discovery. Although the Sixth Circuit has not concluded that OCR Capture falls under § 1920, it has stated that "electronic scanning and imaging could be interpreted as 'exemplification and copies of papers.'"

BDT Prods., 405 F.3d at 420.  The question is whether OCR Capture, which includes the electronic scanning of searchable documents, qualifies as an exemplification or printing.

The cases Frye cites to support his objection are not persuasive.  See Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd., No. 08-04567 CW (N.D. Cal. Mar. 3, 2011) ("Courts have concluded that OCR processing of documents are generally for the convenience of counsel and, thus, expenses related to it are not recoverable.") (citing Computer Cache Coherency Corp. v. Intel Corp., No. C-05-01766 RMW, 2009 U.S. Dist. LEXIS 122596, at *10-11 (N.D. Cal. Dec. 18, 2009)).  Numerous courts, including this one, have concluded that "the costs of electronic scanning and imaging of documents are authorized under Section 1920 as 'exemplification' costs."  Medison Am., Inc. v. Preferred Med. Sys., LLC, No. 05-2390, 2008 U.S. Dist. LEXIS 20568, at *5 (W.D. Tenn. 2008); see also Brown v. McGraw Hill Cos., 525 F. Supp. 2d 950, 959 (N.D. Iowa 2007); Race Tires Am., Inc. v. Hoosier Racing Tire Corp., No. 07-1294, 2011 U.S. Dist. LEXIS 48847, at *28-29 (W.D. Pa. May 6, 2011) ("[T]he Court finds that the requirements and expertise necessary to retrieve and prepare these e-discovery documents for production were an indispensable part of the discovery process [and awards costs].");  Fireman's Fund Ins. Co. v. Oregon Auto Ins. Co., No. 03-0025, 2010 U.S. Dist. LEXIS 91459, at *21 (D. Or. Sept. 2, 2010) ("[T]he

scanning and OCR of documents was helpful throughout the litigation"). OCR Capture in this case was a necessary part of the discovery process. Baptist may recover the costs of OCR Capture.

### D.   Plaintiff Assumed the Risk of the Litigation

Frye argues that he would be impoverished by being required to pay costs. "Among the factors the district court may properly consider in denying costs to a prevailing party . . . [is] the losing party's inability to pay." Texler v. Cnty. of Summit Bd. Of Mental Retardation and Developmental Disabilities, Nos. 92-3205, 92-3807, 92-3758, 1994 U.S. App. LEXIS 14421, at *25-26 (6th Cir. June 4, 1994).

Although the losing party's indigent status is a relevant factor, Singleton, 241 F.3d at 539, Plaintiff has not submitted sufficient evidence to justify denying costs. "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." Tuggles v. Leroy-Somer, Inc., 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004) (citation omitted). "To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent." Id. (citation omitted). "A party is indigent if she is 'incapable of paying the court-imposed costs at this time or in the future.'" Id. (quoting McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994)). "The

losing party, however, must show an inability to pay to overcome the presumption that the prevailing party is entitled to recover costs. Such a showing can be made upon providing actual documentation of the inability to pay." Lewis v. United States, No. 02-2958 B, 2006 U.S. Dist. LEXIS 17987, at *2 (W.D. Tenn. Apr. 7, 2006) (quoting Richins v. Deere & Co., 229 F.R.D. 189, 192 (D.N.M. 2004)).

Frye has not provided sufficient details of his financial condition to demonstrate that he cannot pay the court-imposed costs at this time or in the future. See, e.g., Lewis, 2006 U.S. Dist. LEXIS 17987, at *1-2 (affirming taxation of costs against plaintiff where he claimed that he had "virtually no money" and had been unemployed for five years). Frye's affidavit details his income and expenses, but it does not show why he would be rendered insolvent if ordered to pay costs. (See Frye Aff. 1-2, ECF No. 416-1); see also Lewis, 2006 U.S. Dist. LEXIS 17987, at *1-2; Tuggles, 328 F. Supp. 2d at 846 (declining to waive an award of costs based on plaintiff's financial condition where plaintiff presented an affidavit from the Chapter 7 Trustee for her bankruptcy estate stating that her estate had no assets and from herself stating that her income only allowed payment of her monthly bills); Richins, 229 F.R.D. at 194 (affirming taxation of costs because plaintiffs did not offer "the detailed and specific information that the Court

could use to determine whether they could pay an $8,000 cost bill"). Given the information before the Court, there is no reason that, as the Clerk of Court concluded, Frye could not enter into an "installment pay back agreement . . . to facilitate [] payment[].") (Bill of Costs 5.)

**IV. Conclusion**

For the foregoing reasons, Frye's Motion is DENIED. The Court ADOPTS the Clerk of Court's award of costs. Frye is ORDERED to pay Baptist $55,401.63 in costs.

So ordered this 26th day of March, 2012.

s/ Samuel H. Mays, Jr._____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE